UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
Presidential Candidate Number P60005535 "also known as" (aka) RONALD SATISH EMRIT, & Presidential Committee/Political Action Committee/Separate Segregated Fund (SSF) Number C00569897 d/b/a United Emrits of America,

                              Plaintiff,

        - against -

ELON MUSK, *et al.*,

                              Defendants.
------------------------------------------------------------x

**MEMORANDUM & ORDER**
25-CV-0060 (PKC) (TAM)

PAMELA K. CHEN, United States District Judge:

*Pro se* Plaintiff Ronald Satish Emrit[1] filed this complaint against Defendants Elon Musk, Vivek Ramaswamy, Mike Johnson, and the Department of Government Efficiency ("Defendants"). Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, the Complaint is dismissed, and Plaintiff is warned about the possibility of a filing injunction being imposed.

## BACKGROUND

Plaintiff alleges that Defendants seek "to make one trillion dollars worth of budget cuts which would affect the lives of African-Americans" who receive federal assistance through

---

[1] The Court takes judicial notice of Plaintiff's multitude of federal complaints. According to the Public Access to Court Electronic Records ("PACER"), Plaintiff has filed 892 actions throughout the country. *See* https://pcl.uscourts.gov (last visited Jan. 15, 2025). Plaintiff has filed three prior actions in this Court. *See Emrit v. Special Agent in Charge of the FBI Field Office*, No. 22-CV-6768 (PKC) (LB) (E.D.N.Y. Nov. 9, 2022); *Emrit v. The Grammys Awards on CBS*, No. 23-CV-6650 (PKC) (LB) (E.D.N.Y. Oct. 6, 2023); *Emrit v. Combs et al.*, No. 24-CV-0213 (PKC) (LB) (E.D.N.Y. Jan. 16, 2024).

various programs. (Compl., Dkt. 1 at ECF 4[2].) Plaintiff asserts that because he has a bipolar disorder, he is personally affected by the proposed cuts. (*Id.*) He seeks $500 billion in damages. (*Id.* at ECF 6.)

## DISCUSSION

Plaintiff cannot proceed with his claim because he does not have standing to do so.[3] To bring suit in a federal court, a plaintiff must establish that he has standing to pursue his claims under Article III of the United States Constitution. *E.M. v. N.Y.C. Dep't of Educ.*, 758 F.3d 442, 449 (2d Cir. 2014). The burden of establishing standing falls on the plaintiff. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014). The doctrine of standing "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citations omitted).

"[T]o establish standing, a plaintiff must demonstrate (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). "If the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve." *Id.* (internal quotations and citation omitted). Further, allegations of potential future harm are not sufficient to establish

---

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

[3] In reviewing Plaintiff's Complaint, the Court is mindful that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the Plaintiff's *pro se* Complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).

standing. *See e.g., Samuels v. Small Bus. Administration*, No. 23-CV-8000 (LTS), 2024 WL 2832810, at *2 (S.D.N.Y. May 30, 2024) (speculative harm does not constitute an actual injury); *Iosilevich v. City of New York*, No. 21-CV-4717 (RPK) (LB), 2022 WL 19272855, at *7 (E.D.N.Y. Aug. 10, 2022) (same). Here, Plaintiff argues that because he is disabled due to his bipolar disorder, he has standing to bring this action. Plaintiff fails to allege any plausible facts to show that he himself has suffered a concrete and particularized injury. Further, Plaintiff's claims that possible future government budget cuts might affect him are not sufficient to establish standing. Accordingly, Plaintiff lacks standing to bring this suit.

## FILING INJUNCTION WARNING

"The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (citations and internal quotation marks omitted). Plaintiff is warned that the future filing of repetitive, vexatious, and frivolous litigation may result in the imposition of an injunction prohibiting him from making future filings seeking *in forma pauperis* status without leave of the Court. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." (internal quotations and citations omitted)).

## CONCLUSION

Plaintiff's Complaint is dismissed without prejudice for lack of subject matter jurisdiction due to Plaintiff's lack of standing. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B); *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54 (2d Cir. 2016) (where a complaint is dismissed for lack of Article III standing, the dismissal must be without prejudice, rather than with prejudice).

The Clerk of Court is respectfully directed to enter judgment, to mail a copy of the judgment and this Memorandum and Order to the *pro se* Plaintiff, note the mailing on the docket, and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

                                              SO ORDERED.

                                              */s/ Pamela K. Chen*
                                              Pamela K. Chen
                                              United States District Judge

Dated: January 27, 2025
       Brooklyn, New York